UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JACQUELINE VOMBERG,<br><br>         Plaintiff,<br>v.<br><br>PRAXIS FINANCIAL SOLUTIONS, INC.,<br><br>         Defendant. | Case No. 15-CV-1043-JPS<br><br><br>ORDER |

    Plaintiff Jacqueline Vomberg ("Vomberg") filed suit against Praxis Financial Solutions, Inc. ("Praxis") for various violations of the Fair Debt Collection Practices Act ("FDCPA") and the similar Wisconsin Consumer Act – Debt Collection ("WCADC"). (Docket #1 at 3-8). The plaintiff filed a motion for entry of default judgment (Docket #7), which the Clerk of Court granted, together with an accompanying motion for default judgment. (Docket #8). The plaintiff requests the Court to enter default judgment on liability, and award monetary damages. (Docket #8 at 1).

1.  BACKGROUND[1]

    Vomberg alleges that she incurred a payday loan debt that was referred to Praxis for collection. (Docket #8-3). On April 4, 2013, Vomberg filed a chapter 7 bankruptcy petition in the United States Bankruptcy Court, Eastern District of Wisconsin. (Docket #1 ¶ 6). Vomberg alleges that this specific debt was properly scheduled and thus discharged in the final Order of Discharge issued on July 17, 2013 . (Docket #1 ¶ 8).

    Almost two years later, on July 13, 2015, Praxis, acting on behalf of the payday store, called Vomberg in an attempt to collect the debt. (Docket #1

---

[1] Unless otherwise noted, all factual information is drawn from Vomberg's Complaint. (Docket #1).

¶ 9). Vomberg informed the person on the other end, identified as Lisa Clark, that the debt had been discharged in bankruptcy. (Docket #1 ¶ 10; Docket #8-3 8.) Ms. Clark stated that Vomberg "still owed the debt until [Vomberg] confirmed to Praxis that Pay Day Loan store was scheduled in [the] bankruptcy petition." (Docket #8-3 8; *see also* Docket #1 ¶ 10). A short time later, Vomberg called Praxis and confirmed that the Pay Day Loan store debt was incurred before the bankruptcy petition was filed. (Docket #1 ¶¶ 11, 12).

As a result of these incidents, Vomberg alleges that she has suffered and continues to suffer stress, aggravation, emotional distress, and mental anguish. (Docket #1 ¶ 13).

2.     LEGAL STANDARD

Because the Clerk of Court has entered default against the defendant, the Court must accept all well-pleaded facts relating to liability as true. *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995). "As a general rule, a default judgment establishes, as a matter of law, that defendants are liable to plaintiff as to each cause of action alleged in the complaint." *O'Brien v. R.J. O'Brien & Associates, Inc.*, 998 F.2d 1394, 1404 (7th Cir. 1993) (quoting *United States v. DiMucci*, 879 F.2d 1488, 1497 (7th Cir. 1989)). However, that does not relieve the plaintiff of the responsibility to prove up its damages under Rule 55(b)(2) of the Federal Rules of Civil Procedure. Indeed, "even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true," and the Court must conduct an inquiry to ascertain the amount of damages with reasonable certainty. *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007) (quoting *In re Catt,* 368 F.3d 789, 793 (7th Cir. 2004)). Judgment by default may not be entered without a hearing

on damages unless "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Id.* (quoting *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)).

The Complaint provides a ceiling for available remedies. Federal Rule of Civil Procedure 54(c) provides that: "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings. Every other final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." Fed. R. Civ. P. 54(c). Rule 54(c) merely formalized this well-settled rule. 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Fed. Prac. & Proc. Civ.3d § 2688 (citing *Thomson v. Wooster*, 114 U.S. 104, 113–114 (1885)). This rule serves to protect defendants "who choose to default, relying on the damage ceilings contained in plaintiffs' prayers." *Appleton Elec. Co. v. Graves Truck Line Inc.*, 635 F.2d 603, 611 (7th Cir. 1980).

3. DISCUSSION

Vomberg's motion for default judgment requests as damages: (1) FDCPA statutory damages in the amount of $1,000.00; (2) WCADC statutory damages in the amount of $1,000.00; (3) Attorneys' Fees in the amount of $2,217.50; and (4) costs in the amount of $455.00. (Docket #8 at 1). The Court will discuss each request in turn.

3.1 Statutory Damages

Section 1692k(a) of Title 15 of the United States Code allows for the award of any actual damages; in the case of any action brought by an individual, statutory damages not to exceed $1,000.00; and the costs of the action, together with a reasonable attorney fee as determined by the court.

"The FDCPA does not require proof of actual damages as a precursor to the recovery of statutory damages." *Keele v. Wexler*, 149 F.3d 589, 593 (7th Cir. 1998). In assessing whether part or all of the $1,000.00 in statutory damages shall be awarded, the court generally is to consider the frequency and persistence of non-compliance by the debt collector, the nature of such non-compliance, and the extent to which the non-compliance was intentional. 15 U.S.C. § 1692k(b)(1); *see also Tolentino v. Friedman*, 46 F.3d 645, 651 (7th Cir. 1995).

Here, Vomberg requests $1,000.00 in statutory damages, the maximum amount allowed, however, makes no argument as to why that amount is appropriate in this circumstance. The Court declines to award the maximum amount in statutory damages because Praxis's violations were neither frequent nor persistent; indeed, the alleged violations were the result of only one phone call. Additionally, no facts suggest the non-compliance was intentional, and the lack of a follow-up call by Praxis is indicative of an inference that the call was a misunderstanding. As such, the Court finds an appropriate amount of FDCPA statutory damages to be $200.00. *See Bartlett v. Heibl,* 128 F.3d 497, 499 (7th Cir. 1997) ("[I]t is within the district court's discretion to decide whether and if so how much to award, up to the $1,000 ceiling" of statutory damages); *see also Foutz v. Coast to Coast Fin. Solutions, Inc.*, No. 1:15-cv-1250-WTL-TAB, 2016 U.S. Dist. LEXIS 1421 at 7-8 (S.D. Ind. January 6, 2016) (awarding $100.00 in statutory damages on similar facts where the defendant's violation was more technical than truly injurious to the plaintiff).

Vomberg has also requested damages for violations of the WCADC. (Docket #8 at 1). Similar to the FDCPA, Wisconsin law limits liability to

"not…less than $100 nor greater than $1,000." Wis. Stat. §425.304. The Wisconsin Supreme Court has held, "The rules of the Wisconsin Consumer Act are to be construed to coordinate with the regulation of consumer transactions under the Federal Consumer Protection Act." *Assoc. Fin. Serv. Co. of Wis. v. Hornik*, 114 Wis. 2d 163, 336 N.W.2d 395, 400 (Wis. 1983) (citing Wis. Stat. §421.102(2)(d)). That court determined that the WCADA "allows a consumer to collect one penalty assessment up to a maximum of $1,000 in addition to any actual damages in any action where the consumer establishes a violation" of the WCADA. *Hornik*, 336 N.W.2d at 400. The *Hornik* court also explicitly prohibited a plaintiff from "recover[ing] under both the FDCPA and the WCA for the same conduct." *Bruesewitz v. Law Offices of Gerald E. Moore & Assocs.*, P.C., No. 06-C-400, 2006 U.S. Dist. LEXIS 83712, 2006 WL 3337361, at *3 (W.D. Wis. Nov. 15, 2006) (citing *Hornik*, 336 N.W.2d at 400)); *see also Andersen v. Riverwalk Holdings Ltd.*, No. 15-cv-621-pp, 2015 U.S. Dist. LEXIS 162403 at 15 (E.D. Wis. December 2, 2015). Vomberg has provided no argument as to why it should be able to collect under both statutes. As such, the Court will not award Vomberg's requested statutory damages under the WCADC.

### 3.2     Attorneys' Fees

As to attorneys' fees and costs, plaintiffs who prevail under the FDCPA are entitled to an award of costs and reasonable attorney's fees. *Schlacher v. Law Offices of Phillip J. Rotche & Assocs., P.C.*, 574 F.3d 852, 856 (7th Cir. 2009). The general rules for calculating awards of attorneys' fees under fee-shifting statutes apply to awards of such fees under the FDCPA. *See id.* The starting point is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rate. *See*

*Gastineau v. Wright*, 592 F.3d 747, 748 (7th Cir. 2010) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433–37 (1983)). If necessary, a court has the flexibility to "adjust that figure to reflect various factors including the complexity of the legal issues involved, the degree of success obtained, and the public interest advanced by the litigation." *Id.* (citation omitted). "The standard is whether the fees are reasonable in relation to the difficulty, stakes, and outcome of the case." *Connolly v. Nat'l Sch. Bus. Serv., Inc.*, 177 F.3d 593, 597 (7th Cir.1999) (quoting *Bankston v. Illinois*, 60 F.3d 1249, 1256 (7th Cir.1995)). The party seeking the fee award bears the burden of proving the reasonableness of the hours worked and the hourly rates claimed. *See Spegon v. Catholic Bishop of Chi.*, 175 F.3d 544, 550 (7th Cir.1999).

The plaintiff has requested attorney fees of $2,217.50, and costs of $455.00, comprised of the filing and service fees. (Docket #8 at 1). These amounts are documented and sworn. (Docket #8-2, #8-4). The Court will award the full requested amount of $2,217.50 for attorneys' fees because it finds the request to be reasonable under the circumstances. The Court will, therefore, grant Vomberg's request for attorney fees and costs.

Accordingly,

IT IS ORDERED that the plaintiff's motion for default judgment (Docket #8) be and the same is hereby GRANTED in part, to the extent that the Court enters default judgment in the plaintiff's favor, and DENIED in part, insofar as the Court declines to grant the full amount of damages requested;

IT IS FURTHER ORDERED that the defendant shall pay to the plaintiff the total amount of $2,872.50, comprised of $200.00 in statutory damages, $2,217.50 in attorney fees, and $455.00 in costs; and

IT IS FURTHER ORDERED that this action be and the same is hereby DISMISSED with prejudice.

The clerk of the court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 14th day of June, 2016.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge